IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 6:17-CR-237-RP |
| ELIJAH EMMANUEL DICKERSON | § § § | |

**ORDER**

Before the Court is Defendant Elijah Emmanuel Dickerson's ("Dickerson") Motion to Suppress Evidence, (Dkt. 23), and the government's response, (Dkt. 27). For the reasons that follow, the Court finds that the motion should be denied.

While investigating Dickerson for distributing methamphetamine, Drug Enforcement Administration ("DEA") Agent Josh Moore applied for a search warrant for Dickerson's home in Belton. (Gov. Resp., Dkt. 27, at 1–2). United States Magistrate Judge Manske signed that warrant on August 1, 2017, authorizing Agent Moore to search "the premises" of Dickerson's home address and any "vehicles on the premises." (Search Warrant, Dkt. 23-1, at 19–20). Agent Moore executed the warrant later that day. (*Id.* at 20). Agent Moore also obtained and executed a warrant to place a tracking device on Dickerson's car. (Moore testimony, Mot. Suppress Hr'g, Dkt. 33).

Dickerson owns a 2007 Chevrolet Tahoe, which at the time of the search was parked on the public street rather than on Dickerson's property. (*See* Incident Sheet, Dkt. 23-2, at 7 (stating that the Tahoe was parked "outside the residence")). While officers searched Dickerson's home, others searched his Tahoe. (*Id.* at 6–7). In the Tahoe was a shoebox containing 933 grams of a substance suspected to be methamphetamine. (*Id.* at 7).

Dickerson argues that the warrant did not apply to the Tahoe, which was not located on "the premises" of 510 South Davis Street in Belton. (Mot. Suppress, Dkt. 23, at 5). While that may be the

1

case, it is ultimately irrelevant whether the search of the Tahoe was warrantless because the Tahoe was subject to civil forfeiture under federal law.

In April 2017, a confidential informant reported to Agent Moore that Dickerson had sold the informant methamphetamine from a 2007 Chevrolet Tahoe. (Gov. Resp., Dkt. 27, at 1–2). That evidence gave Agent Moore probable cause to believe that the Tahoe was forfeitable under 18 U.S.C. § 881(a)(4), which subjects to forfeiture vehicles used to facilitate the transportation, sale, or possession of a controlled substance. Section 881 permits seizure according to the procedures set forth in 18 U.S.C. § 981,[1] which provides for warrantless seizures when there is probable cause to believe that the property is subject to forfeiture and an exception to the Fourth Amendment's warrant requirement applies. 18 U.S.C. § 981(b)(2)(B)(ii).

The government argues that the vehicle exception applies, (Gov. Resp., Dkt. 27, at 4), and the Court agrees. The U.S. Supreme Court has long held that reasonable warrantless searches of vehicles do not violate the Fourth Amendment, both because a vehicle can be quickly moved and also because people have a reduced expectation of privacy in vehicles on public roads. *California v. Carney*, 471 U.S. 386, 390–95 (1985). That principle extends to warrantless seizures, as well—the police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument of a crime. *United States v. Conlan*, 786 F.3d 380, 388–89 (5th Cir. 2015); *see also Florida v. White*, 526 U.S. 559, 564–65 (1999) (upholding the warrantless seizure of a car parked in a public place because the police had probable cause to believe the car was subject to forfeiture under state law). Here, the parties agree that Dickerson's car was parked on a public street. (Mot. Suppress, Dkt. 23, at 5; Gov. Resp. Mot. Suppress, Dkt. 27, at 4). Because Agent Moore had probable cause to believe that Dickerson's Tahoe was forfeitable under federal law, he could permissibly seize it without a warrant. And, having permissibly seized Dickerson's Tahoe, the

---

[1] "Any property subject to forfeiture to the United States under this section may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." 18 U.S.C. § 881(b).

2

DEA officers were allowed to conduct an inventory search of the car. *United States v. Cooper*, 949 F.2d 737, 748 (5th Cir. 1991) ("Once we determine that the police had probable cause to seize [a defendant's] car as evidence of crime, no doubt remains that the subsequent inventory search [is] permissible. Clearly, police may make a warrantless inventory search of a legitimately seized car.").

Dickerson takes the position that the vehicle exception does not apply in this case because (1) three months elapsed between the development of probable cause and the seizure of the Tahoe, and (2) law enforcement had attached a tracking device to the Tahoe. (Def.'s Reply, Dkt. 28, at 1–2; Mot. Suppress Hr'g, Dkt. 33). Dickerson's argument is that "whatever concerns there may have been" that the Tahoe would be "spirited away and lost to law enforcement . . . are obviated by the almost three month period." (Def.'s Reply, Dkt. 28, at 2).[2] Dickerson's position is contrary to controlling case law. In *White*, "[s]everal months" had elapsed between the police developing probable cause to forfeit the defendant's car and their seizure of the car. *White*, 526 U.S. at 561. There, the U.S. Supreme Court explicitly overruled the Florida Supreme Court's reasoning that "there is a vast difference between permitting the immediate search of a movable automobile based on actual knowledge that it then contains contraband and the discretionary seizure of a citizen's automobile based upon a belief that it may have been used at some time in the past to assist in illegal activity." *Id.* at 564 (citations and quotation marks omitted). The Fifth Circuit has likewise rejected the notion that exigent circumstances must exist in addition to probable cause in order for law enforcement to seize a forfeitable car found in a public place. *Conlan*, 786 F.3d at 389. The Court therefore rejects Dickerson's argument that either the tracking device or the three months' delay in seizing the Tahoe renders the seizure unreasonable for purposes of the Fourth Amendment.

---

[2] Similarly, at the motion to suppress hearing, Dickerson's counsel argued that the tracking device obviated any exigency because law enforcement knew the Tahoe's location. (Mot. Suppress Hr'g, Dkt. 33).

For these reasons, **IT IS ORDERED** that Dickerson's Motion to Suppress Evidence, (Dkt. 23), is **DENIED**.

**SIGNED** on February 12, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE